## Seth Glanville

*v.*

## John Rittlesdorf *et al.*

1. Trespass quare clausum fregit—*title in severalty not inconsistent with joint possession.* The fact that two persons own land in severalty is not inconsistent with the idea of their joint possession.

2. In an action of trespass *quare clausum fregit*, by two plaintiffs, the question as to whether the possession of the plaintiffs is joint or several is one of fact for the determination of the jury; and the fact that they may own the land in severalty does not preclude the idea of a joint possession.

Appeal from the Circuit Court of Jo Daviess county; the Hon. William Brown, Judge, presiding.

Messrs. W. Weigley & Son, for the appellant.

Messrs. D. & T. J. Sheean, and Mr. G. O. Barnes, for the appellees.

Mr. Justice Scott delivered the opinion of the Court:

This was an action of trespass *quare clausum fregit*. The declaration is in the usual form, and to it appellant, who was defendant in the court below, filed two pleas: 1st, a plea of not guilty; and, 2d, a special plea, setting up there was a public highway over and through the *locus in quo*, upon which issue was joined. The special plea was withdrawn after the second trial, and a third trial was had upon the issue joined upon the plea of not guilty, which resulted in a verdict of guilty, and assessing appellee's damages at $1.30. A motion for a new trial was made, and, thereupon, appellees remitted of the verdict $1.29 of the damages found. The court then overruled the motion for a new trial, and entered judgment on the verdict for one cent damages and costs of suit. Appellant brings the cause to this court on appeal, and seeks a reversal of the judgment, principally for the reason, as he alleges, it is not shown appellees had joint possession of the premises where the

alleged trespasses were committed so as to enable them to maintain the action in their joint names.

It is claimed, appellees owned the land in the inclosure in severalty, and, hence, it is insisted, notwithstanding they may have united in erecting the fences, their possession was not joint. The instructions given by the court on this point were as liberal for appellant as he could ask. There is some evidence in the record, although it is slight, that tends to show joint possession by appellees. They united in erecting the fences that inclose the premises. That appellees owned the land constituting the inclosure in severalty, is not inconsistent with the idea of joint possession. Neither party may have had any interest in the realty, or the fee might have been in one of them, and still the possession might have been joint. Whether the character of the possession was joint or several, was a question of fact, and was fairly submitted to the jury, under proper instructions of the court. Three juries have found the issues for appellees. It must be conceded, the evidence that supports the finding is slight, but in view of the fact the damages are nominal, no sufficient reason appears for setting the verdict aside. The objection at most is purely a technical one, and does not go to the merits of the defense.

The judgment must be affirmed.

*Judgment affirmed.*